The next case is number 2007, 1793. Darryl R. Dye against the Secretary of Veterans Affairs. Mr. Trevenant. Thank you very much, Your Honor. Court, please. Kenneth Trevenant, appearing on behalf of Mr. Darryl Dye. The right to entitlement to service connection does not require a finding or determination of medical negligence. It was incorrect and a misinterpretation of 105A for the Court of Appeals for Veterans Claims to conclude that it was permissible for the Board not to consider the presumption of service connection under 105A. What do you say is the presumption? I presume. That there was the occurrence of a disease or injury during service. But that's not enough, is it? To carry, oh, I thought your presumption is, you claimed, is presumed that conduct that occurs after service, although it's similar to things that happen in service, the two are presumed to be connected. That's not the presumption? No, Your Honor. The presumption is that the disease or injury which occurred incidental to service is presumed to be service connected. That gives rise to the entitlement on the part of the veteran to expect a finding of service connection unless that presumption is rebutted by the VA. The right to benefit. But it seems to me there's another step in this. Let's assume for the sake of argument that someone had a service-connected disability, medical disability, and then some years later he comes up with something else. Doesn't he have to show a connection between what happened to him in the service? For example, let me give you a specification. During World War II, while I was in the service, I had chickenpox. I don't suppose I could come in now and say, I can be presumed that my chickenpox is now the cause of some arthritis I have. No, that would be correct, Your Honor. But you would be entitled to service connection for having had chickenpox, the disease, during service. That would be a non-compensable rating because you do not have a disability for that. Disability is provided for under a different statute, under 1110. Under 38 U.S.C. 1110, the medical nexus requirement that was manufactured by the Veterans Court in its case law was created out of the language found in 1110. Something I don't understand, why there's any issue in this case with respect to the presumption since the board found that in fact his present disabilities, I'm not related to the disabilities he incurred in the service, the Court of Veterans Appeals found that finding was not clearly erroneous. As you recognize, we have no jurisdiction to review that finding. Why isn't that the end of his case? Because whatever presumptions may be offered, there's no way he can recover because he hasn't established a connection between his present injury and his injury and disability during service. If the board had found that he was entitled to service connection but denied him the right to compensation on the basis of that finding, that there was no current disability related to service, that would have been an appropriate and correct decision. What was inappropriate about the board's decision was twofold. First, they did not require the VA to afford the benefit of the presumption. Second, they did not find, as a matter of law, that based upon the undisputed facts of the occurrence of an injury during service that he was not entitled to a finding of service connection. Finding of service connection for what? For the injury that was sustained during service. Looking at the facts of this case, he goes to a doctor, and I understand we don't review facts, but still it helps clarify the context. He goes to a doctor five years after service. The doctor examines him for the pains he's complaining of here, and the doctor says he has no prior record of any of these problems. These are problems that stem from his current job as a truck driver and loading paint. In that circumstance with the medical testimony that there's no prior record of any problems, that they all stem from his current work environment post-service, how could there be a service connection? Because Your Honor is examining medical evidence that relates to a circumstance that happened post-service. Sure. He must work for his compensation. I understand that. But the analysis under 105A is what happened during service. There is indisputable proof. The board at page 38 of its decision expressly found that the veteran was treated during service for complaints of back pain, ankle sprains, strains, knee pain, painful feet, injuries to his right and left big or great toes, and that there was a diagnosis of tendinitis, traumatic arthritis, etc. Those are undisputed facts that trigger the presumption that those conditions as identified are entitled to a finding of service connection. What Your Honor is focusing on was what the board incorrectly focused on  based upon his examination in 1980. I still don't understand why you say the board was required to focus on whether or not it was service connected. Because Congress, Your Honor, when it also finds, and you can't challenge that, that his present conditions have no relation to what happened in the service. His present condition is not related to the question of entitlement to service connection. The issue identified on the board... Service connection isn't an abstract thing. It has a practical connotation. It has to ask you service connection before you can even get to the point. No, that's not correct, Your Honor. You are entitled to certain benefits for service connected conditions. Those include the right to hospitalization, the right to temporary total disability benefits when you're hospitalized for more than 21 days. And there are other dependency benefits that are potentially indicated. That's not what's involved in this case. But it is, Your Honor, because if you look at the board's decision... No, no, just a minute. Is this litigation involving his rights to hospitalization? No. But it is, Your Honor, if you look at page 33 of the record. The issue identified is entitlement to service connection. It isn't entitlement to compensation. Those are two different statutory concepts. But don't you have to have a nexus between the injury and service? To get compensation under 1110. Why not service connection? It's the very term, connected to the service. There's a connection. There is a nexus between the service... And what is connected, Your Honor, is the injury and disease. What is granted compensation is the resulting disability. If there is no resulting disability, then there's no right to compensation under 1110. See, that's what I don't understand is why do you say they had to determine service connection when in fact, even if it was service connected, there was no right to disability, there was no disability. Because, Your Honor, there are other benefits that are afforded a veteran when his conditions are found to have been service connected. But those benefits are not involved in this case. But they are, Your Honor, because the predicate... How are they involved? Suppose... Let me ask you a question. Suppose, for the secular argument, we were to hold, one, the need for service connected, and two, he's not suffering any disability. Suppose we were to hold that. How would this affect this particular veteran? How would that hold him? Would service connected affect this veteran? One, he would be entitled to hospitalization at a VA facility on a priority basis. Two, if he were hospitalized for the conditions that are identified as service connected, and those are the ones that I just described as having occurred during service, if he were hospitalized for more than 21 days, he would be entitled to a temporary total disability rating because he was being treated by a VA hospital for his service connected disability. But those were all resolved at the time of the treatment. The ankle and back pains were the result of some acute and repetitive injury, and they were resolved at the time. Resolution is not... Resolution is not a factor in a determination of service connection. The question of service... Why be connected to the service if there's no connection? Because it is simply a temporal event. Was there a temporal event that took place in service that resulted in an injury or a disease? That's contrary to the very title of connection. And I'm sorry, I defy you to show me where connection, other than in definition, appears in Title 38. Service connection does not appear in Title 38 other than in the definition section of service connected. And so that's really your argument, is that you don't have to have connection to have service connection. No, it's not, Your Honor. I'm saying that Congress said in 105A, if there is noted during service a disease or injury, the veteran is entitled to an evidentiary presumption that must be addressed. The VA and the board did not address that presumption, and the court said they didn't have to. They had to because Congress afforded that benefit. Now... What did he actually seek from the regional office in this case? He sought compensation because that is the only VA form available. But the VA... He sought compensation for what? For the disabilities that he suffered during service. Not for the disability that he now suffers? Well, he believes that those are the same disabilities. Well, I'm wrong. It seems to me what he must have said is, I am entitled to disability benefits now because I am disabled. Now, not something that happened when I was in the service years ago. But with respect, Your Honor, the VA's application form, VA form 21-526, does not provide for that degree of specificity. It is entitled a claim for compensation or pension, and it asks you to describe your current disabilities. And he described them, and it asks you to describe the injuries or diseases that you had during service. One is entitled to service connection if one has a disease or injury that was incurred during the 17 years in Mr. Dye's case that he was on active duty. What would happen if I came in to the VA and said, I would like to benefit. I'm entitled to benefits now, and my condition that I'm suffering from is severe arthritis of my arms and legs which prevent me from gainful employment. And then the next question was, what disabilities did you incur while you were in the service? And I said, I came out with chickenpox. Would I collect anything from the VA? No, because I haven't shown a service connection. No, you haven't shown the nexus, and you have to show nexus to your service-connected condition. Your service-connected condition would have been the chickenpox. If there is no resulting disability from the chickenpox, then there is no right to compensation. But there is a right to service connection, and you are entitled, according to Congress, to the benefit of a presumption, an evidentiary presumption of proof. I'm entitled to a declaratory order that would happen to me, service-to-service connected? No, because Congress wrote a presumption that directs the VA to presume that when it's documented in your record that you suffered an injury or disease, and it is indisputed, as it is here, that there was chickenpox in service, that you're entitled to service connection. You don't get a dime's worth of compensation unless you can show medical nexus. But that is a different legal concept under a different statute for the right to the presumption of incurrence for the entitlement to a finding of service connection. I gather what you're arguing is that he was entitled to a determination that there was a presumption of service connection for what happened to him in the service, even though, in fact, he cannot show any connection between that service disability and his present disability, and therefore he's not entitled to any present benefits. On the record as it presents under the Veterans Court's analysis, that is the analysis that was made below. But the problem with that analysis is there is a statute other than 105A, 7104A, that requires the board to consider and apply all applicable laws. The Veterans Court gave the VA a pass. It said, no, you don't have to apply 105A because you leapfrogged and went ahead and determined based on examination that he doesn't have a current disability. And therefore, if he's not eligible for compensation, you have a right to deny him the finding of service connection. And that is simply unlawful. It is not what Congress anticipated.  Thank you, Your Honor. Let's hear from the other side. We'll save you a couple of minutes here. Mr. Schwartz. Thank you, Your Honor. May it please the Court. When I arrived this morning, I felt we had a dispute about whether or not a claimant, in this case Mr. Dye, was required to show nexus and put on evidence of medical nexus in order to be entitled to benefits for disability through the Department of Veterans Affairs. At this point, I'm not certain there was a case of controversy before the Court. Well, I think that there's a case of controversy only in the sense that he claims he's entitled to some sort of a declaration from the Court that there was a presumption of service connection relating to his injury while in service. I take it that's his argument. If all the appellate wants, Your Honor, is a declaration that Mr. Dye's injuries that are noted in his medical records between 1959 and 1975 are service-connected, I think we can accommodate that. Well, but he says he had back pain in the military, and he has back pain now. And therefore, the presumption will fill the gap and solve the issue of nexus that we're talking about. And, Your Honor, that's exactly the legal question that we thought was before the Court, whether or not the presumption in Section 105 was going to somehow could be extended beyond presuming service connection for the in-service injury to presuming service connection to the current injury. Well, I don't understand to argue that. As I understood his argument, as far as I could tell, he is not suggesting that there's a presumption that the current disabilities are somehow connected to what happened to him in service. And I don't understand him making that argument. As I understand his argument, all he's saying is he wants somehow a declaration that there was a presumption that what happened to him in the service was service-connected. That's my understanding. Maybe I'm misunderstanding something. Your Honor, that's, I think, the argument that we've heard this morning. But the argument that was briefed was whether or not the presumption, the line-of-duty presumption, service connection presumption in Section 105 somehow applies to remove the nexus requirement. And that's an entirely different question. That's a far larger legal question that we think was decided in Shetland, where the court laid out the three elements for entitlement, current disability, in-service injury, nexus between the two. Now, the issue that was briefed by Appellant was whether or not the Section 105 presumption somehow removed the third element. It was a dilemma because of the limited jurisdiction of this court to the question of fact. So as to trace whether the back pain in service is the same back pain as is now suffering, but it isn't as if one went from chickenpox to arthritis. It's whether you go from back pain to back pain. That's absolutely right. A significant difference in terms of the perhaps it doesn't even raise any question of fact. Perhaps, in fact, a presumption that back pain is service-connected fills the gap without the need for factual intervention. We don't know the facts, but it seemed to me that what the Veterans Court looked at, they looked very hard at the medical evidence during the intervening complaints of the same ailment and the statements that were made and held those statements against this veteran as a matter of fact. Whether they were or were, in fact, an appropriate conclusion is not before us to decide. That's correct, Your Honor. I think that the first part of the question was essentially correct. We are talking about far more similar conditions. For example, there's documented evidence from the soldiers, from the veterans, service records that we had of ankle sprains and whatnot in service, and he has pain in his ankles today. We have some back pain during service. We have back pain today. So we do have more similar types of injuries if the court looks at it that way. However, the question of whether or not a condition from 1965 is related to, medically caused, related to something that's going on today in 2007 is a medical question that the board answered and the Veterans Court reviewed. And with all due respect, we think it's not before this court. We think the appellant in this case has conceded that that's the only question, that the court does not have jurisdiction over that particular issue. The legal question. But why not? That's where I think the presumption is a very strong benefit to the veteran, what it is as it is here of the identical ailment. It's not identical, Your Honor. That's a very fuzzy concept. It is, Your Honor. It's a very fuzzy concept. Lower back, middle back. I mean, there are a number of different back conditions. The back that they are is different as the examples that Jay Friedman selected was selected to be clearly different. That's right, Your Honor. If there is a presumption, plus the fact that presumptions are supposed to benefit the veteran, not someone else, maybe that answers it. Well, Your Honor, again, that's what we think the legal question is before the court, whether or not the presumption is going to be extended to the issue of medical nexus. Maybe it's a matter of law. If the current ailment is the same as the ailment that was diagnosed in service, maybe the presumption closes out the opportunity to refute that. Well, Your Honor, that's not in the statute. That's not anywhere in the VA's regulations. What the VA pays for. It doesn't place the burden elsewhere. It doesn't place the burden on the veteran. Well, Your Honor, what the VA does pay for is service-connected current disabilities. And what Section 38 U.S.C. 1110 talks about are current disabilities resulting from in-service injuries, as injuries or diseases in the line of duty. The Section 105 presumption, and we do fully recognize that, and we think in this case the veteran got the benefit of that presumption, does not extend to nexus. And we think this is clearly, the court has been through this in Shedden, where it said, and I'll quote, the mere fact that a service member has suffered a service-connected disease or injury does not automatically lead to compensation for future disabilities. But it may very well shift the burden of proof. Again, Your Honor, that's not in the statute. That's not in any interpretation by the Department of Veterans Affairs. The presumption in this case is limited to characterizing the in-service injury. You don't have the presumptions by definition to shift the burden of proof. If you have a presumption, you don't have to prove it. Well, Your Honor, you have a presumption that's circumscribed by the statute, by Section 105, which talks about characterizing the in-service injury or disease. Not characterizing the current condition of the veteran. That requires showing a medical nexus. And so that's, again, the legal issue we think is present, is whether or not the presumption should somehow be extended, taken out of Section 105, and now applied to the medical nexus element. Shedden says that should not, or the court stated in Shedden, that that was not to happen. And I'll read just one other quote. He's not talking about the evidence. He's talking about the burden. He is, Your Honor. He is, Your Honor. But, again, that is the issue here, is that the burden shifts to the government, essentially, when there is a presumption. In the absence of the government putting on any evidence, the veteran wins. This element is established. And the statute, the regulation, says that happens in certain situations. It happens in the situation of characterizing in-service injuries. Isn't that the issue at bottom that we have here? No, Your Honor. We're talking about characterizing the current disability. I think, as Judge Freeman pointed out, what does all this matter if your current disability is not service-connected? And that's the issue. As I understood Mr. Cartman's argument this morning, he makes no claim that there is somehow a presumption that the current disability arises out of something that happened to him in service. Your Honor? I thought I asked him that specifically, and after he said it, we'll find out when he gets up for rebuttal. But, as I understand, his whole argument relates to a presumption about service connection for something he incurred during service. Well, I guess my response would be, what else could he get? I can say we concede service connection for Mr. Dye's in-service injuries. So let's say the court says, okay, Mr. Cartman, we'll give you the presumption. What else would that give him other than what we are already saying? We're not disputing the characterization of Mr. Dye's in-service injuries. We are disputing the characterization of his current disability, his current claimed injuries, as service-connected. He never suggests that it should be presumed that the current disability is service-connected. What he says, Your Honor, and I'll read, is that, as a result, there is no need for nexus evidence establishing a relationship of the disability to the injury which occurred during service. He's saying that 105 presumption should be extended to nexus. If that happens... Your Honor, you took what he said in his brief, but as I understood, his argument today, if that's what he said in his brief, if it means what it says, I understood him to retreat from that today and say, no, all we're talking about is the presumption of service connection, line of duty, for what happened in the service, not for your current disability. Well, let me go back to my original statement, Your Honor. I'm not sure if there's a case or controversy. We concede that Mr. Dye's injuries that were diagnosed and noted in his military records were incurred in the line of duty. That means there's, however the court wants to phrase it, service connection for those injuries at that time. But you don't concede that what happened during the service constituted a disability, do you? Your Honor, there really is no distinction. Again, the court wants to characterize it as a disability. These are discrete injuries to Mr. Dye's ankles. I think there were some things that fell on his toe at one point. He fell on a tent pole over his back. These are discrete injuries. Whether they led to a disability in the sense of something more long-term, they may have led to pain for a certain period of time. But they're not disabilities in the sense of a continuing chronic-type condition or disease that has gone on to today. There's no evidence of that. So we don't concede that in the sense that that's how the court defines disability. We think those are discrete injuries. Not disabilities in the sense of a disability that would entitle him to current benefits. That's correct, Your Honor. Again, that's where the medical nexus is required. That's what was lacking as found, as a matter of fact, by the Veterans Court. Those are the reasons we ask the court to affirm that decision. Thank you. Thank you, Mr. Schmidt. Mr. Krupp, do you have a minute? And would you just at the outset tell me, am I correct that you do not claim that there's any presumption that his current disabilities were somehow connected to what happened to him in service? That's under the 105A presumption. That is correct. Why did you say it differently in the brief? What I was trying to say in the brief was in relationship to the imposed medical nexus requirement by the Veterans Court. There is no medical nexus requirement under 105A. Is there a medical nexus requirement for his current back injury to relate it to receive compensation? No, it's not, Your Honor. He's here because he was denied service connection. Nobody denied him service connection. It's right in the records. There couldn't be any denial of it. It's right in the record. Nobody, everybody concedes the record. What they're worried about is his current back injury. But, Your Honor, that is sitting out there. You will concede there is no service connection for his back injury? The order at page 70. No, no, just a second. Do you concede there is no service connection for his current back injury? You concede that based on the fact-finding? No, I do not concede that, Your Honor. What I concede is that there is not a medical nexus evidence sufficient to relate his current disability to his service-connected disabilities. And his service-connected disabilities was what he was denied. At page 33, the issue is entitlement to service connection. At page 70, the board's order is service connection for ankle, knee pain, low back pain, great toe injuries are denied. Maybe you can go back and file another claim and just claim what we want is service connection for what happened in 75, and we concede that there's nothing currently wrong with this that has anything to do with that. But, Your Honor, that's what he was entitled to in the board decision that was appealed to court. My entire appeal to the court below was the board did not... Your brief is so different from what you're saying here that I can't trace the connection. The connection is, Your Honor, that the board leapfrogged from service connection to compensation. What does he want? What he wants, obviously... He's got a back pain. He wants to be treated. He wants any benefit to which he is lawfully entitled. That's what he wants. Ultimately, of course, he is, Your Honor, but if he is found to be service connected, then at any time the VA finds that he has a current disability, it is simply a matter of rating. He does not have to go back to square one... So you do want service connection for his current ailments? I want service connection for the disabilities identified who have taken place in service. Do you perceive them to be the same as what he has now? I believe that the record shows that, Your Honor. That's what they disagree with. That's right, and that's why I'm not appealing that part of the decision, Your Honor. You have nothing to appeal otherwise. But I do, Your Honor. That's the only issue before the board. They're worried about his current condition and his current entitlement. We'll have to figure this out. Thank you, Your Honor. He appealed to the board, right? Yes. What was the board reviewing? Was it reviewing the regional office's refusal to award him disability benefits? Your Honor, I wish that that was the way that the VA adjudicated claims, but they don't do that. I'm not asking you about adjudicating claims. I'm asking you, what was the issue that he appealed to? The denial of service connection, Your Honor. That's what he appealed. That was what the issue was that was on the board's decision and that's the board's order. And if he were granted service connection, you can see that would automatically entitle him to compensation. That's correct, Your Honor. But he was entitled under 7104A. It sounds to me as though he was sort of asking for an advisory opinion. He's entitled to the presumption that Congress gave him, and the board was told by Congress to apply all applicable provisions of law. The board did not agree. Thank you, Your Honor. All rise.